## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**CHENIERE CONSTRUCTION, INC.**                    **CIVIL ACTION**


**VERSUS**                                         **NO: 16-16407**


**HAMP'S CONSTRUCTION, LLC ET AL.**                **SECTION "H"**


### ORDER AND REASONS

Before the Court is Plaintiff Cheniere Construction, Inc.'s Motion for Partial Summary Judgment (Doc. 46). For the following reasons, the Motion is DENIED.


### BACKGROUND

In September 2012, Defendant Hamp's Construction, LLC ("Hamps") entered into a contract with the United States Army Corps of Engineers ("the Corps") for the Southeast Louisiana Urban Flood Control Project ("the Project"). Plaintiff Cheniere Construction, Inc. ("Cheniere") entered into an agreement with Hamps to serve as a subcontractor on the Project. Cheniere

1

brought this action against Hamps and Harford Fire Insurance Company to recover unpaid amounts for its work as a subcontractor on the project. In this Motion, Cheniere seeks payment of the liquidated amounts it alleges are due to it under its subcontract with Hamps. Defendants oppose.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1]  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3]  "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4]  Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5]  "In response to a properly supported motion for summary judgment, the non-movant must

---

[1] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[3] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).
[4] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[5] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## <u>LAW AND ANALYSIS</u>

Under its agreement with the Corps, Hamps was paid on a unit price basis in accordance with a schedule of values issued by the Corps. During the Project, Hamps encountered unforeseen conditions that increased costs and extended the time required to complete the Project. To recover the additional costs caused by the unforeseen conditions, Hamps submitted to the Corps three requests for equitable adjustment ("REA1," "REA2," and "REA3"). In January 2016, Hamps received payment as a result of REA1 from the Corps in the amount of $950,000. In August 2018, Hamps received $975,000 on REA2. REA3 is not at issue in this Motion.

Cheniere alleges that it is owed $997,048.76 in liquidated damages pursuant to its agreement with Hamps for its original scope work and its work in connection with REA1 and REA2. It argues that this amount is supported by the calculation of Hamps's own expert, William Connole. Cheniere alleges

---

[6] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[7] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).

[8] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

that, despite this, Hamps has refused to pay this amount because of claims it has against Cheniere.

In its Motion, Cheniere relies heavily on Louisiana's law of compensation. Under Louisiana Civil Code article 1893, "[c]ompensation takes place by operation of law when two persons owe to each other sums of money or quantities of fungible things identical in kind, and these sums or quantities are liquidated and presently due." Cheniere argues that because Hamps has only unliquidated claims for damages against it, those claims cannot offset the amount owed to Cheniere through compensation. Cheniere argues that under Louisiana law it is entitled to immediate payment of the liquidated amount owed to it where Hamps cannot identify any equally liquidated offsets. However, a threshold issue is whether Hamps owes Cheniere an amount that is liquidated and presently due. This is a question riddled with material issues of fact.

A debt is liquid when its "existence is certain and its quantity determined. A disputed debt is not liquid and cannot be admitted as susceptible of compensation unless the one who asserts compensation has in hand the proof of the existence of the disputed debt and is thus in a position to prove it promptly."[9] Cheniere relies entirely on the calculations of Hamps's expert, and the documents upon which he relied, to establish the liquidated amount it argues it is owed.  Hamps rebuts that Connole's calculations were done in connection with its preparation for submission of the REAs and not as an expert in this lawsuit. It attaches an affidavit from Connole in which he

---

[9] Am. Bank v. Saxena, 553 So. 2d 836, 844 (La. 1989) (internal quotation omitted).

explains that he is not aware of the terms of the agreement between the parties and does not offer an opinion as to what amounts are owed by Hamps to Cheniere under their agreement. Indeed, in an email explaining his calculations, Connole noted that "I am not . . . aware of all obligations between Cheniere and Hamp's and if any other significant differences between Cheniere and Hamps exist. My allocation is made with the understanding that any differences that I do not know about may change the allocations."[10] In addition, Cheniere's supporting exhibits reveal that even Cheniere had slight disagreements with Connole's calculations.[11]

Hamps, for its part, sets forth significant arguments against the amount sought by Cheniere. For instance, it argues that Cheniere is not entitled to any amount under the parties' agreement because the amount owed to Cheniere was tied to the profitability of the Project and the Project was operating at a loss. It submits an affidavit from its managing member, Charlie Hampton, stating that Hamps and Cheniere agreed that "any additional profit (above that incorporated into the bid) earned on the Project would be shared by Hamp's and Cheniere, and any losses on the Project would be equally shared by Hamp's and Cheniere."[12] Cheniere vehemently disputes that this was the parties' agreement and attaches as proof emails from Hamps to the Corps in which Hamps explains the parties' agreement.[13] Accordingly, there is a material issue of fact regarding whether the amount owed to Cheniere is tied to the financial status of the Project. This defense is not an "unliquidated

---

[10] Doc. 46-4.
[11] *See* Doc. 46-12.
[12] Doc 50-1.
[13] Doc 53-5.

5

claims for damages" as Cheniere argues. Rather, it is a material dispute over the amount that Cheniere claims is liquidated and due under the parties' agreement. "If it requires a lawsuit to determine the exact amount due under a cause of action, certainly it follows that the amount involved in such cause of action is not liquidated[.]"[14] Accordingly, Cheniere has not shown that its claim is liquidated and due, and summary judgment is inappropriate.

## **CONCLUSION**

For the foregoing reasons, the Motion is DENIED.


New Orleans, Louisiana this 18th day of June, 2020.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[14] City of Shreveport v. Curcio, 157 So. 317, 319 (La. App. 2 Cir. 1934).

6